UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. |
| ) | |
| Plaintiff, ) | **'08 MJ 0839** |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF: |
| ) | |
| **Def#1) Adalberto JACOBO,** ) | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) |
| **Def#2) Juan SANCHEZ-Martinez,** ) | |
| ) | Transportation of Illegal |
| ) | Aliens |
| Defendant(s) ) | |

The undersigned complainant, being duly sworn, states:

On or about **March 13, 2008**, within the Southern District of California, defendants **Adalberto JACOBO and Juan SANCHEZ-Martinez**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Pablo IBARRA-Ramirez, Aquileo RUIZ-Flores, and Pedro CONTRERAS-Lopez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **17th** DAY OF **MARCH 2008**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Def#1) Adalberto JACOBO,
Def#2) Juan SANCHEZ-Martinez,

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Pablo IBARRA-Ramirez, Aquileo RUIZ-Flores, and Pedro CONTRERAS-Lopez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

At approximately 7:15 a.m., SIG Agent M. Ortiz was parked observing vehicle traffic on Willow Glen Road in the east bound lane near the intersection of Jamacha Road and Willow Glen Road in Rancho San Diego, California. It has been the experience of Agents working this area that Willow Glen is an area often used as a route by smugglers in hopes of avoiding detection by uniformed Border Patrol Agents as they drive into the area to pick up undocumented illegal aliens.

At approximately 7:40 a.m., Agent Ortiz observed an older model white Ford Crown Victoria traveling westbound on Willow Glen Road toward the intersection of Jamacha Road and Willow Glen Road. The vehicle appeared to be heavily laden (riding considerably lower in the rear than usual). This is typical when the recommended cargo weight of the vehicle is exceeded. The vehicles windows were heavily tinted. Agent Ortiz turned around, got behind the vehicle and observed it in an effort to determine if it was a vehicle possibly being used to smuggle illegal aliens. The vehicle continued westbound on Jamacha Road toward State Route (SR) 94. Agent Ortiz requested a department of Motor Vehicle registration check of the vehicle from Dispatch via bureau radio. The license plate being displayed on the rear of the vehicle was registered to a resident residing in San Ysidro, California. The vehicle was registered as a 1967 Ford. It was apparent that the vehicle Agent Ortiz was conducting surveillance on did not appear to be a model as old as 1967. In Agents experience, smugglers often sub-plate vehicles used for smuggling in an effort not to be identified. Furthering Agent Ortiz' suspicion of the vehicle being a smuggling load, Agent Ortiz continued surveillance of the vehicle. Agent Ortiz observed the vehicle bouncing up and down and swaying back and forth after driving over rough road surfaces, another indication that the vehicle contained excessive weight inside it.

Agent Ortiz requested a marked Border Patrol unit to assist in attempting a vehicle stop of the vehicle to interview the occupants and determine if they were indeed undocumented immigrants. There were no units readily available. Agent Ortiz continued surveillance of the vehicle until a marked Border Patrol unit could be contacted to assist.

The vehicle continued to travel on State Route 94 to Interstate 15 northbound. Agent Ortiz observed the vehicle make sudden lane changes and vary speeds during the course of the surveillance. These types of maneuvers are typical counter surveillance tactics used by drivers to determine if they are being followed and allow them time and space to evade. The approximate distance from San Diego to the Temecula Checkpoint is sixty miles and the approximate travel time is one hour at normal speeds and under normal traffic conditions. Uniformed Border Patrol Agents of the Murrieta Station and members of the North county SIG Agents monitoring the radio notified Agent Ortiz they were responding to assist.

Agents S. Bell, K. Martinez and A. Gonzalez were performing assigned duties patrolling the I-15 corridor near Temecula, California. Agents Bell and Martinez attempted a vehicle stop just north of the Temecula checkpoint, activating their bureau lights and siren in an attempt to get the driver to stop. The vehicle failed to yield and continued along Interstate 15. After approximately two miles, the marked units terminated the pursuit by turning off their emergency equipment and slowing down allowing SIG units to get into position

to conduct surveillance. SIG units initiated surveillance of the vehicle. Agents L. Gutierrez and E. Penagos pulled up alongside the passenger's side of the vehicle and noticed all the windows except the rear driver's side were down. Agents L. Gutierrez and E. Penagos were able to observe the driver, a front seat passenger and several individuals lying down in the rear seats. Agents Gutierrez and Penagos then slowed down got behind the vehicle and continued surveillance.

Agent Ortiz observed the driver weave in and out of traffic lanes under heavy traffic conditions. Agent Ortiz observed the driver pass on the left shoulder of the highway. The driver came dangerously close to striking several vehicles in his attempt to evade apprehension and careless disregard for public safety. The motoring public would have to brake quickly and swerve to avoid a traffic collision. The driver was seen swerving into the number four lane as to get off the freeway only to immediately swerve back onto the interstate; the driver came within feet of striking an unmarked bureau vehicle parked alongside the freeway; awaiting to assist. Agent Ortiz observed the driver brake suddenly and swerve into the median south of Nichols Road on Interstate 15 northbound. Agent Ortiz was able to close the gap and approach the vehicle as the occupants opened their doors to flee. The distance between the times the vehicle stop was attempted to the time the vehicle came to rest south of Nichols Road in Temecula was approximately ten miles.

Agent Ortiz observed the driver exit the driver's side front seat, throw his ball cap to the ground and run off; once again attempting to avoid apprehension. The driver and five other individuals crossed the southbound lanes of I-15 in heavy traffic and fled. The driver and the five individuals jumped over an eight foot fence jumped down a steep embankment and continued to run. Agents Ortiz and Gutierrez were able to maintain sight of the driver and the five individuals fleeing. After a short foot pursuit, Agents were able to apprehend the driver and five other individuals. Agent Penagos apprehended two individuals who remained at the vehicle. It has been the experience of Agents that smugglers place individuals in the trunk of vehicles to transport more individuals. Agent Penagos realizing this immediately opened the trunk compartment and discovered two individuals in the trunk. Agent Penagos removed the two and realized they were visibly shaken, sweating and scared. The temperature inside the trunk of a vehicle can be considerably hotter given the lack of air circulating through the trunk. From the time Agent Ortiz observed the vehicle, to the time it came to rest, it is estimated the two individuals were inside the trunk for about two hours and an estimated distance of seventy miles. Agent Penagos observed a loose tire and a jack inside the trunk space of the vehicle increasing the chance of injury to the individuals in the trunk in the event of an accident. Agent Penagos asked if they were hurt, one individual stated he bumped his head but did not need any medical attention.

Agents identified themselves as Border Patrol Agents to all individuals and questioned them as to their citizenship. All the individuals except the driver admitted to being citizens and nationals of Mexico in the United States illegally. The driver stated he was born in the United States. All ten subjects, including the driver were placed under arrest and transported to the Chula Vista station for further processing.

CONTINUATION OF COMPLAINT:
Def#1) Adalberto JACOBO,
Def#2) Juan SANCHEZ-Martinez,

### DEFENDANT STATEMENT #1 Adalberto JACOBO:

The defendant was advised of his Miranda Warnings at approximately 2:31 p.m. and was not willing to make a statement without an attorney present.

### DEFENDANT STATEMENT#2 Juan SANCHEZ-Martinez:

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant denied being involved in the smuggling activities mentioned above as being the foot guide for the group of aliens. When presented with a prior documented event identifying him as the foot guide of the group as stated by witnesses in the group he still denied involvement of his smuggling activities during that event.

### MATERIAL WITNESSES STATEMENTS:

Material witnesses **Pablo IBARRA-Ramirez, Aquileo RUIZ-Flores, and Pedro CONTRERAS-Lopez** agree in summary that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally. The material witnesses stated that they were to pay $1,500.00 to $2,000.00 (US) to be smuggled into the United States. All three subjects stated they heard the lights and/or siren of the Border Patrol vehicle attempting to stop the vehicle initially. Two of three witnesses were told to run by the driver when the vehicle came to a stop. Material witnesses **Pablo IBARRA-Ramirez, Aquileo RUIZ-Flores, and Pedro CONTRERAS-Lopez** were shown a photographic line up and were able to identify defendant #1 **Adalberto JACOBO** as the driver of the vehicle. All three material witnesses were able to positively identify the foot guide of the group as co-defendant, **Juan SANCHEZ-Martinez**.

Executed on March 15, 2008, at 8:00 a.m.

Carlos R. Chavez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on 03/13/2008 in violation of Title 8, United States Code, Section 1324.

Louisa S. Porter
United States Magistrate Judge

3/15/08   8:30 AM
Date/Time